**Kaldeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70079.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Jan. 11, 2007.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robert W. Rodrigues, Esq., U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Kaldeep Singh, a native and citizen of India, petitions for review of the Board of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") decision which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and will reverse only if the record compels a contrary conclusion. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition for review.

The IJ found that even if Singh had a well-founded fear of future persecution, he could reasonably relocate. We conclude that the record does not compel a different result. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–22 (9th Cir.2006) (holding that the evidence did "not compel" a result contrary to the agency's finding).

By failing to qualify for asylum, Singh necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Finally, we conclude that substantial evidence supports the IJ's denial of CAT relief because Singh failed to show that it was more likely than not that he would be tortured if he returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**